# Court of Appeals
# of the State of Georgia

ATLANTA,    April 07, 2014

*The Court of Appeals hereby passes the following order:*

## A14A1354. GEOSAM CAPITAL US, LP v. RIVERWOOD HOMEOWNERS ASSOCIATION, INC.

In this appeal from the grant of summary judgment in Appellee's favor, Appellant has moved this Court for an extension of time to file Appellant's brief on the grounds that the December 4, 2013 hearing transcript on the cross-motions for summary judgment has not been prepared or filed. It has been represented that Appellee has refused to release the transcript, and Appellant has moved to compel its release. That motion remains pending in the trial court.

Where a party expressly refuses to participate in the takedown of proceedings in a civil case and the trial court makes no order with respect to the reporting of the case under OCGA §§ 5-6-41 (c) and 15-14-1, the party refusing to participate cannot later compel the reporter to produce a transcription "even though the party offered to pay the entire cost of reporting the case and the cost of transcribing the same." (Citation and punctuation omitted.) *Kent v. Kent*, 289 Ga. 821, 832 (2) (b) (716 SE2d 212) (2011). But "an 'express' refusal to participate in the costs of a court reporter is a refusal that is manifested by direct and appropriate language, as distinguished from that which is inferred from conduct." (Citation, punctuation and emphasis omitted.) Id. A party seeking to invoke the rule preventing an opposing party from compelling a transcript after refusing to participate in the takedown "must make the express refusal known to the judge before [the proceedings and] must invoke a ruling of the trial judge at the commencement of the proceedings, that his opponent has expressly refused to participate in the costs of reporting." (Citation and emphasis omitted.) Id.

We are not in a position to determine whether the Appellee, as the party

seeking a forfeiture of his opponent's right to a transcript, met his burden of showing that the Appellant expressly refused to participate in the costs of reporting. Nor does the record show that the trial court made a ruling on this issue at the commencement of the proceedings. The trial court is best suited to make this determination. *Kent*, 289 Ga. at 823-824 (2) (a).

We hereby REMAND this case to the Superior Court of Paulding County for the trial court to rule on the motion to release the transcript that the Appellant filed in that court. Once the trial court has ruled on the motion and, if the trial court grants the motion, once the record has been supplemented with the transcript, the clerk is directed to transmit the record to the Court for re-docketing of the appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/07/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*